Sharon Fay **HEUER** and Violet Marie Heuer

v.

The **FOREST HILL STATE BANK** and **Wood Home Sales, Inc.** and **Vernon Wood, Individually and in his capacity as Officer of Wood Home Sales Inc. and DeRose Industries, Inc.**

**Civ. No. S 88–2409.**

United States District Court,
D. Maryland.

March 9, 1989.

Mercedes C. Samborsky, Joppatowne, Md., for plaintiffs.

Nell B. Strachan, Venable, Baetjer & Howard, Baltimore, Md., for defendant Forest Hill State Bank.

Patrick G. Cullen, Rollins, Smalkin, Richards & Mackie, Baltimore, Md., for defendants Wood Home Sales, Inc. and Vernon Wood.

James Thomas, Blakinger, Byler & Thomas, P.A., Lancaster, Pa., for defendant, Derose Industries, Inc.

## MEMORANDUM

SMALKIN, District Judge.

This case is now before the Court on the motion of defendants Vernon Wood and Wood Home Sales, Inc. to dismiss for lack of federal subject matter jurisdiction. An opposition has been received from plaintiffs and duly considered. No oral hearing is deemed necessary. Local Rule 6, D.Md.

This is a controversy involving an allegedly defective manufactured home (commonly called a mobile home). The plaintiffs have brought suit against a Maryland bank and three Pennsylvania residents. Two of the Pennsylvania residents, Vernon Wood and Wood Home Sales, Inc., have moved to dismiss for lack of federal subject matter jurisdiction. The lengthy complaint asserts numerous claims against either all or some of the defendants, but so far as can be ascertained, it asserts claims against the present defendants in Counts IV, V, VI, and IX. The claims in Counts IV, V, and VI are for fraud, recission, and breach of warranty, respectively, and do not raise any federal question. They were asserted *semble* under the doctrine of pendent jurisdiction, and are apparently pendent to the federal claim asserted against these defendants in Count IX.

Count IX asserts a violation of the National Manufactured Housing Construction and Safety Standards Act of 1974 (NMHCSSA), 42 U.S.C. §§ 5401–5425 (1982 & Supp. IV 1986). The defendants assert that this statute creates no private right of action in favor of purchasers of allegedly defective homes against manufacturers or sellers of such. The defendants are correct in this contention. The statute in question does not expressly create any private cause of action in favor of purchasers. The Court is not aware of any case in which a federal or state court has held that it implies a private right of action. The Court has analyzed the matter, as stated by the Fourth Circuit's reasoned decision in *Newcome v. Esrey*, 862 F.2d 1099 (4th Cir.1988), and it finds that, applying the tests stated therein, the NMHCSSA does not imply any private right of action. Study of the legislative history of the statute, reprinted at 1974 *U.S.Code Cong. & Admin.News* 4273, *et seq.*, shows no Congressional intention at all to create a private cause of action. *See id.*, especially at 4340–41. Rather, the purpose of the legislation was to set up a federal set of manufacturing standards, to be enforced "to the maximum extent" by the States. Especially significant is the fact that consumer protection was to be achieved by warranty and recall notice provisions. There was no mention of providing a federal forum to enforce these measures. Of course, it was well known to Congress that actions for breach of warranty, based on state law, are traditional enforcement remedies for dissatisfied consumers. Because this Court cannot find any Congressional intent to imply a private remedy for purchasers of allegedly defective homes, because the basic causes of action traditionally provided by state law are adequate to remedy any claim the purchaser might have (as is evidenced by the fact that such claims have been set forth in this case in other counts of the complaint), and because the intent of the legislative scheme was primarily to establish uniformity in construction standards, this Court is of the opinion that Congress did not intend to create a private cause of action for violation of the NMHCSSA of 1974. Thus, there is no federal claim asserted over which this Court has subject matter jurisdiction. Because there is no substantial federal claim asserted, Counts IV, V, and

VI against these defendants cannot stand on the doctrine of pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Finally, because there is no complete diversity of citizenship, *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), this Court cannot exercise jurisdiction in this case pursuant to 28 U.S.C. § 1332 (1982).

For the reasons stated, an order will be entered separately, granting defendants Vernon Wood's and Wood Home Sales, Inc.'s motion to dismiss, and dismissing the complaint as against them for lack of federal subject matter jurisdiction.