Sharon Fay **HEUER** and Violet Marie Heuer

v.

The **FOREST HILL STATE BANK** and **Wood Home Sales, Inc.** and Vernon Wood, Individually and in his capacity as Officer of Wood Home Sales Inc. and DeRose Industries, Inc.

Civ. No. S 88–2409.

United States District Court, D. Maryland.

March 10, 1989.

Nell B. Strachan, Venable, Baetjer & Howard, Baltimore, Md., for defendant Forest Hill State Bank.

Patrick G. Cullen, Rollins, Smalkin, Richards & Mackie, Baltimore, Md., for defendants Wood Home Sales, Inc. and Vernon Wood.

James Thomas, Blakinger, Byler & Thomas, P.A., Lancaster, Pa., for defendant, DeRose Industries, Inc.

## MEMORANDUM

SMALKIN, District Judge.

Now pending in this case are the motions of the remaining defendants, DeRose In-

dustries, Inc. (DeRose) and Forest Hill State Bank (Forest Hill), to dismiss and for dismissal and/or summary judgment, respectively. No oral hearing is deemed necessary. Local Rule 6, D.Md.

The defendant DeRose has moved to dismiss for lack of federal subject matter jurisdiction. For the reasons stated in this Court's Memorandum and Order entered March 9, 1989, 728 F.Supp. 1197, on the motion of defendants Vernon Wood and Wood Home Sales, Inc., to dismiss for lack of federal subject matter jurisdiction, the Court is of the opinion that the motion of defendant DeRose, raising the same grounds, should be granted. In short, the federal claim against DeRose is insubstantial, because the statute relied upon, 42 U.S.C. §§ 5401–5425 (1982 and Supp. IV 1986), does not create, expressly or impliedly, any private right of action. Therefore, the pendent claims cannot be maintained, *see United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and the absence of complete diversity of citizenship bars the exercise of jurisdiction under 28 U.S.C. § 1332 (1982). *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Therefore, an order will be entered granting the motion of defendant DeRose to dismiss the complaint for lack of federal subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1).

Turning to the motion of defendant Forest Hill, the Court is of the opinion that that defendant is entitled to summary judgment on the federal claims asserted against it in Counts I and IX of the complaint. There is no genuine dispute of material fact on the determinative point concerning plaintiffs' principal claim against Forest Hill, asserted in Count I. That claim is for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (1982) and the Consumer Credit Protection Act, 15 U.S.C. § 1631 *et seq.* (1982). The particular violation claimed in Count I is that the defendant failed to notify the plaintiffs of the three-day recission right set forth in 15 U.S.C. § 1635(a).* Although the loan in question might have been characterized in differing ways in various bank papers concerning it (as a refinancing (in the loan application), as a renegotiated mortgage and/or as a construction loan (in various bank documents)), there is no dispute that the purpose of the loan was to enable the plaintiffs to acquire and have installed on their real property, a manufactured (mobile) home. The fact that some fraction of the proceeds might have been used to refinance old consumer debts or for other purposes personal to the borrowers is not material. The point is that the purpose of the loan was undeniably to finance the acquisition of a mobile home. Thus, the loan was exempted from the recission and notice requirements of 15 U.S.C. § 1635(a) by operation of 15 U.S.C. § 1635(e)(1), incorporating by reference 15 U.S.C. § 1602(w). The statutory language creating the exemption has been persuasively construed as applying to mobile home loans as well as loans for the construction of more traditional residences. *Copley v. Rona Enterprises, Inc.*, 423 F.Supp. 979, 984 (S.D.Ohio 1976). This result is consistent with the Congressional purpose in creating the statutory recission right in the first place, *viz.*, to protect home owners from certain sharp practices of home improvement contractors (and those financing such contractors), by creating a recission right for home improvement loans that were secured by residential mortgages on existing dwellings. This federal remedy was thought necessary to protect consumers against surprise and oppression stemming from mortgages unwittingly executed on homes to pay for often questionable "home improvements." *N.C. Freed Co., Inc. v. Board of Governors of the Federal Reserve System*, 473 F.2d 1210, 1214–15 (2d Cir.), *cert. denied*, 414 U.S. 827, 94 S.Ct. 48, 38 L.Ed.2d 61 (1973). Given this Congressional purpose, it is clear that the Congress did not intend the recission obligation (or disclosure of it)

---

* The claim of misrepresentation of the consideration paid on the settlement sheet and deed of trust (complaint, ¶ 69) apparently grows out of the facts set out in ¶s 52 and 53 of the prolix complaint, and the Court discerns therein no separate non-frivolous claim of violation of federal law.

to extend to a loan whose predominant purpose is to enable the borrower to acquire or erect, on her property, a new residential structure. The fact that the proceeds of the loan might have exceeded the contemplated actual cost of the purchase and erection of the home is not determinative, in view of the nature of the transaction as a whole. Therefore, the Court finds no claim stated under the Title 16 of the U.S.Code. Plaintiffs' apparent contention that the Bank's alleged recategorization of the loan from a residential loan to a construction loan somehow violated some provision of federal law is not meritorious. Finally, as previously stated, no recission right was involved in this transaction. If it was truly a construction loan, rather than a residential acquisition mortgage, there is no question that there was no recission right. *See* 12 U.S.C. § 2602 (1982).

There being no genuine dispute of fact material to the alleged federal banking law claims, and defendant Forest Hill being clearly entitled to judgment in its favor on them as a matter of law, summary judgment must be entered against plaintiffs on those claims. Fed.R.Civ.P. 56(c).

Plaintiffs' remaining federal claim against Forest Hill, apparently asserted in both Counts I and IX, is for violation of the National Manufactured Housing Construction and Safety Standards Act of 1974 (NMHCSSA), 42 U.S.C. §§ 5401–5425 (1982 & Supp. IV 1986). Even if a bank financing the purchase of a manufactured home were a proper defendant in a civil action under such statute—which the Court highly doubts—the fact is simply that there is no private right of action created by the statute against anyone, as this Court previously held in its March 9, 1989, Memorandum Opinion on the dismissal motion of certain other defendants. Therefore, summary judgment will be entered for defendant Forest Hill against the plaintiffs on plaintiffs' claim of violation of the NMHCSSA in Counts I and IX.

Because the remaining claims (in Counts II, III, IV, VI, VII, and VIII) asserted against Forest Hill, a Maryland resident, are all based on state law, they will be dismissed for lack of federal subject matter jurisdiction, in the exercise of the Court's discretion. *United Mine Workers v. Gibbs.*

For the reasons stated, an order will be entered separately: granting the motion of defendant DeRose to dismiss for lack of federal subject matter jurisdiction; granting summary judgment in favor of defendant Forest Hill and against the plaintiffs on all federal claims; dismissing all non-federal claims as against defendant Forest Hill for lack of federal subject matter jurisdiction; and closing this case.