Gloria **JONES**

v.

**MID–PENN CONSUMER DISCOUNT COMPANY.**

**Civ. A. No. 88–7299.**

United States District Court, E.D. Pennsylvania.

Nov. 17, 1988.

Susan Defarnatt, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Arthur Matusow, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Title 15 U.S.C. § 1640(a)(3) of the Federal Truth–in–Lending Act provides that reasonable attorney's fees and costs may be recovered in an action establishing a right to rescission. The issue in this case is whether a plaintiff may recover reasonable attorney fees for time expended on unsuccessful arguments advanced in support of a right to rescission claim that is ultimately successful on the strength of another argument. It is appropriate for a district court to review the bankruptcy court's conclusion of law on this issue de novo. *In re Daniels–Head and Associates*, 819 F.2d 914, 918 (9th Cir.1987); *See also In re A.O.V. Industries, Inc.*, 792 F.2d 1140, 1146 (D.C. Cir.1986).

### I.

On February 6, 1987, appellant Gloria Jones filed an adversary action in the Bankruptcy Court seeking rescission of a loan obtained from appellee Mid–Penn Consumer Discount Company under the Federal Truth–in–Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"). Subsequently, the complaint was amended to add a second claim for rescission of an earlier loan transaction. On October 23, 1987, the Bankruptcy Court found that the plaintiff had a right to rescind the second loan transaction.

After the attorney's fee petition was filed the Bankruptcy Court limited plaintiff's attorney fees award to the time spent developing the argument which ultimately prevailed in rescinding the second loan transaction. The Order specifically denied compensation to Mrs. Jones' attorney for time expended on the alternative argument in support of the rescission claim on the second loan transaction, as well as all time spent on the unsuccessful claim for rescission of the first loan transaction. It is the time spent on the unsuccessful argument advanced in support of the rescission claim on the second loan transaction that is at issue here.

### II.

The resolution of this issue is controlled by the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Under *Hensley*, the initial step in awarding attorney fees pursuant to any statutory provision is the calculation of the "lodestar." *Id.* at 433, 103 S.Ct. at 1939. The lodestar is defined as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar must then be adjusted so that the fee awarded is reasonable in light of the facts and circumstances of the case. Among the relevant factors to be considered are the relief obtained, the ability and experience of the attorneys, and the skill with which the legal services were performed. *See City of Riverside v. Rivera*, 477 U.S. 561, 568 n. 3, 106 S.Ct. 2686, 2691 n. 3 (1986) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (3d Cir.1974)).

In *Hensley*, the Supreme Court found that the ultimate success and results achieved should be the relevant guide. The Court stated:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.... Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason

for reducing a fee. The result is what matters.

*Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940.

It is clear from *Hensley* that a court's rejection of an alternative theory for recovery is not a sufficient reason to reduce a fee where the attorney been successful. *See SPIRG of New Jersey v. AT & T Bell Laboratories,* 842 F.2d 1436, 1455 (3d Cir. 1988). *Kennecott Corp. v. E.P.A.,* 804 F.2d 763, 766 (D.C.Cir.1986); *Sierra Club v. E.P.A.,* 769 F.2d 796, 801–803 (D.C.Cir. 1985).

### III

 The plaintiff's attorney was wholly successful and achieved "excellent results" for her client only on the second loan transaction claim. The record supports the defendant's concession that "it is clear that Plaintiff was successful in this action." Brief of Appellee at 3. The defendant was ordered to satisfy all mortgages held on plaintiff's home. All finance and other charges were eliminated. Plaintiff was found to be entitled to a $1000.00 recoupment penalty for the defendant's failure to comply with the requirements of 15 U.S.C. § 1635. The plaintiff was also adjudged entitled to a separate $1000.00 statutory penalty, due to the defendant's distinct violation of the TILA in failing to properly respond to the plaintiff's valid rescission, as well as reasonable attorney's fees. *Jones v. Mid–Penn Consumer Discount Co.,* 79 B.R. 233, 241 (B.R.E.D.Pa. October 23, 1987).

It is important to emphasize that there was only *one* claim based upon the second loan transaction: rescission under the federal TILA. The plaintiff's attorney advanced two alternative legal grounds on behalf of this claim. The first was based on a defective notice theory under the TILA. The second ground advanced as an alternative to support the claim for rescission had its genesis in the decision in *Steele v. Ford Motor Credit Co.,* 783 F.2d 1016 (11th Cir.1986). The Bankruptcy Court rejected the *Steele* theory but accepted the defective notice theory to support rescission on the second loan transaction

claim. *Jones v. Mid–Penn Consumer Discount,* 79 B.R. at 238, 239.

I note that my analysis of *Hensley* is consistent with that of another TILA case against the defendant in this District. In *Gill v. Mid–Penn Consumer Discount Co.,* No. 87–2868, slip op. at 1–4 (E.D.Pa. October 14, 1988) [1988 WL 107560], Judge Weiner was faced with the same *Hensley* argument from the defendant after summary judgment was granted for the plaintiff. He held that *Hensley* did not allow the court to deduct hours spent on an unsuccessful alternative Rule of 78 argument. *Id.* at 4.

 The only remaining step is to calculate the lodestar or the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. Since the Bankruptcy Court has handled the case from its inception, it is in a better position to determine the reasonable hourly rate and the number of hours reasonably expended by the plaintiff's attorney on *both* alternative legal grounds to support the TILA rescission claim for the second loan transaction. Such calculations should include all reasonable time spent by the plaintiff pursuing the fee petition.

For the reasons cited herein, I will remand the case to the Bankruptcy Court to make the lodestar calculations consistent with this opinion.