**Frank V. MALFA and Ginny Malfa, Plaintiffs,**

**v.**

**HOUSEHOLD BANK, F.S.B., Defendant.**

No. 92–8584–CIV.

United States District Court, S.D. Florida.

June 30, 1993.

James A. Bonfiglio, Boynton Beach, FL, for plaintiffs.

Jose I. Astigarraga, Traci H. Rollins, Steel Hector & Davis, West Palm Beach, FL, for defendant.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court upon the plaintiff's Motion for Partial Summary Judgment, and the defendant's Motion for Summary Judgment.

### I. Background

The Malfas brought this action against Household Bank, F.S.B., pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* They allege that Household Bank violated the Truth in Lending Act by failing to make required disclosures, and by refusing to honor their rescission notice. They are seeking rescission of the consumer credit transaction they completed with Household Bank, and a declaration that Household Bank's security interest in their home is void. They are also seeking statutory damages and reasonable attorney's fees and costs.

The plaintiffs have filed a motion for partial summary judgment, asserting that they are entitled to rescission and statutory damages as a matter of law. The defendant has filed a cross-motion for summary judgment, arguing that the Malfas are not entitled to rescission, and that any claims for statutory damages are barred by the one-year statute of limitations imposed by 15 U.S.C. § 1635. These motions have been fully briefed and are now ripe for ruling.

### II. Facts

On May 3, 1991, the Malfas and Household Bank entered into a consumer credit transaction secured by the Malfas' primary residence. The funds acquired through this loan were used to refinance a pre-existing obligation secured by the Malfas' primary residence. At the closing of this transaction, the Malfas were provided with two copies of a Notice of Right to Cancel, one copy of the Federal Truth in Lending Disclosure Statement, and a HUD–1 Closing Statement.

On June 23, 1992, the Malfas notified Household Bank of their intent to rescind the loan transaction. Household Bank responded by letter on August 10, 1992, denying the rescission request. The Malfas sent an explanation of the basis for their rescission request on September 9, 1992, and Household Bank again denied their request. This action ensued.

### III. Discussion

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party and it is a stringent one. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91

L.Ed.2d 265 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), and any doubt as to the existence of a genuine issue for trial should be resolved against the moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

The parties do not dispute the facts which underlie this action. The only question before the Court, therefore, is whether the Malfas are entitled to either rescission of the transaction, statutory damages, or both.

■ According to Household Bank, the Malfas' claims for statutory damages are barred, because they were not brought within one year from the closing date of the transaction. To bring an affirmative claim against a creditor for statutory and/or actual damages, a debtor must bring the action within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e) (1980). The Malfas do not dispute that their claims for damages for Household Bank's original disclosure violations are barred by the statute of limitations. However, they contend that the refusal to honor a rescission notice, in violation of 15 U.S.C. § 1635, gives rise to a separate § 1640 claim for damages. They are correct. *See Gerasta v. Hibernia National Bank*, 575 F.2d 580 (5th Cir.1978). Since the Malfas brought this action within one year of the bank's refusal to honor their rescission notice, their resultant § 1640 claim is not barred by the statute of limitations.

However, the Malfas are only entitled to damages if Household Bank refused to honor their rescission notice in violation of 15 U.S.C. § 1635. Before deciding whether Household Bank refused to honor the Malfas' rescission notice in violation of § 1635, the Court must first determine whether the Malfas were entitled to rescind the transaction.

The Truth in Lending Act grants a consumer the right to rescind a transaction until midnight of the third business day following consummation of the transaction, delivery of the required notice of the right to rescind, or delivery of all "material disclosures," whichever occurs last. 15 U.S.C. § 1635; 12 C.F.R. § 226.23. If the required notice or "material disclosures" are not delivered, the right to rescind is extended until three years after consummation of the transaction. 12 C.F.R. § 226.23. The Malfas assert that Household Bank committed three separate violations of the Truth in Lending Act which extended their rescission right until three years after consummation of the loan transaction.

■ First, they argue that Household Bank violated 15 U.S.C. § 1632, which requires disclosure of the terms "annual percentage rate" and "finance charge" in a manner more conspicuous than any other term. The Malfas accurately point out that Household Bank's Disclosure Statement used the same print size, style, type and boldness for the terms "annual percentage rate" and "finance charge" as it did for the address of the lender, the name and address of the borrower, and the terms "Variable Rate Feature," "Insurance," "Security," "Late Charges," "Prepayment Penalty," and "Assumption." They also cite three cases in which the courts looked at print size, style type, and boldness to determine whether the "more conspicuous rule" had been violated. *See Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371 (11th Cir.1984); *Dixey v. Idaho First National Bank*, 677 F.2d 749 (9th Cir.1982); and *Herrera v. First Northern Savings*, 805 F.2d 896 (10th Cir.1986). However, these courts looked at those factors, among others, and determined in each particular case whether the terms were disclosed more conspicuously than other terms. In this case, the Court finds that the terms "annual percentage rate" and "finance charge" are displayed in the Disclosure Statement more conspicuously than the other terms. Although they are printed in the same size, style, and boldness of some other terms, "annual percentage rate" and "finance charge" are found at the top of the page, with boxes around them which highlight them in relation to the other terms.

■ Moreover, even if Household Bank had violated the "more conspicuous rule," this violation would still be insufficient to extend the right of rescission. The right of

rescission is extended until three years after consummation of the transaction "[if] the ... material disclosures are not delivered." 12 C.F.R. § 226.23. Section 226.23 defines "material disclosures" as "the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments and the payment schedule." § 226.23, fn. 48. According to the Malfas, Household Bank's alleged violation of the "more conspicuous rule" is equivalent to non-delivery of the disclosure of the annual percentage rate and finance charge, and therefore extends their right to rescission. The Court disagrees.

Although all of the cases cited by the plaintiffs found that the bank's disclosures violated the "more conspicuous" requirement of the Truth in Lending Act, none of these cases found that this violation extended the debtor's rescission rights. Failing to display a term in a particular print size and style is simply not the same as failing to disclose the term at all. As the Court in *Davis v. Federal Deposit Insurance Corporation*, 620 F.2d 489, 492 (5th Cir.1980), stated:

> [B]y conditioning the continuing availability of rescission upon instances of material nondisclosure, Congress intended that rescission would not be appropriate in every case in which penalties would be.... [T]he Congress wisely prescribed a limited civil penalty for even 'technical' violations of the statute but circumscribed the more harsh rescission remedy by requiring that liability therefore depend on a 'material' violation.

Thus, even if Household Bank had failed to disclose the terms "annual percentage rate" and "finance charge" more conspicuously than the other terms, this would merely be a "technical" violation giving rise to a civil penalty; it would not warrant the harsh sanction of rescission.

█ Next, the Malfas argue that their rescission rights have been extended because certain charges were improperly excluded from the finance charge disclosed on the Disclosure Statement. The Truth in Lending Act defines the finance charge as the sum of all charges, payable directly or indirectly by the consumer, and imposed directly or indirectly by the creditor as incident to or a condition of the extension of credit. 15 U.S.C. § 1605(a). According to the Malfas, Household Bank improperly excluded from the disclosed finance charge recording and releasing fees of $44.70 and a $352.00 stamp tax. The Truth in Lending Regulations allow exclusion of these fees from the finance charge if they are itemized and disclosed. 12 C.F.R. § 226.4(e)(1). Although the Malfas were provided with an itemization of these charges, in the form of a HUD–1 Settlement Statement, 12 C.F.R. § 226.18(*o*) requires itemization of these charges in the Disclosure Statement.

Since these fees were not itemized on the Disclosure Statement, they should have been included in the finance charge. Technically, therefore, the finance charge disclosed on the Disclosure Statement was understated by $396.70. According to the Malfas, this amounts to a failure to disclose a material term, a violation which gives rise to extended rescission rights. 12 C.F.R. § 226.23. Once again, the Court disagrees.

In *Steele v. Ford Motor Credit Company*, 783 F.2d 1016, 1019–20 (11th Cir.1986), the Court did hold that any understatement of the finance charge is a material nondisclosure sufficient to extend a consumer's rescission rights. However, the *Steele* Court based this decision on an earlier holding that rescission is proper only when the information withheld would be of some significance to a reasonable consumer when "comparison shopping" for credit. *See Davis v. Federal Deposit Insurance Corp.*, 620 F.2d 489, 492 (5th Cir.1980); *Steele*, at 1019. The lender in *Steele* retained unearned interest and failed to disclose this as part of the finance charge. Rejecting the argument that an understatement of only $ 24.00 would not be material, the Court in *Steele* held that any understatement of the finance charge is material, because any understatement of the finance charge would be of some significance to a reasonable consumer shopping for loans.

Unlike the charges in *Steele*, the fees excluded from the finance charge in this case would not be of any significance to a consumer "comparison shopping" for credit. These are taxes and fees prescribed by law which

presumably would have to be paid by the consumer regardless of which creditor were to offer a loan. They are not even considered part of the finance charge, so long as they are itemized and disclosed. The Malfas do not dispute the fact that they were provided with a HUD–1 Settlement Statement which disclosed and itemized these fees. Household Bank's only violation was its failure to itemize these fees on the Disclosure Statement, instead of on the HUD–1 Settlement Statement. This, too, is a technical violation of the Truth in Lending Act, but not a material nondisclosure warranting the harsh remedy of rescission. *See Davis, supra,* at 491–92.

■ The Malfas also argue that Household Bank improperly excluded a pest inspection fee from the finance charge. Although the fees for pest inspection reports are imposed by the lender, Household Bank asserts that Federal Reserve Board Opinion No. 215, dated December 29, 1969, exempts pest inspection fees from inclusion in the finance charge. According to that opinion, pest inspection fees are analogous to appraisal fees, which are properly excluded from the finance charge pursuant to 12 C.F.R. § 226.-4(c)(7)(iii). The Court agrees with the reasoning of that Opinion, and consequently finds that the pest inspection fee was properly excluded from the finance charge.

■ Finally, the Malfas claim that their rescission rights were extended because Household Bank failed to deliver to them a proper notice of their right to rescind. A consumer's right to rescind is extended by three years if a lender fails to deliver the notice required by 12 C.F.R. § 226.23(b). 12 C.F.R. § 226.23(a)(3). Section 226.23(b) provides that a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind. According to § 226.23(b),

The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires.

The Malfas do not argue that Household Bank failed to give them a notice of their right to rescind. Nor do they argue that the notice did not contain the required information. Instead, they merely contend that the notice they were given violated § 226.23(b) because some information on the rescission notice was disclosed "more conspicuously" than the information which is required to be disclosed in a clear and conspicuous manner. According to the Malfas, the notice they received violates § 226.23(b) because the lender, the date and type of loan, the name and address of the borrowers, and the terms "three business days," "20 calendar days," "how to cancel," and "I wish to cancel," were disclosed in a larger and bolder print size and style than those used for other required information. They also argue that the notice is improper because information concerning the method and manner of exercising the rescission right was placed in a bold lined rectangular box. According to the Malfas, this box draws the reader's attention away from the information disclosed outside the rectangular box. The Court finds these arguments unpersuasive.

According to § 226.23(b), the required information must be disclosed clearly and conspicuously. Whether or not information has been disclosed clearly and conspicuously within the meaning of the Truth in Lending Act has been decided by courts as a question of law. *See Sanders v. Auto Associates, Inc.,* 450 F.Supp. 900, 904 (D.S.C.1978); *Bryson v. Bank of New York,* 584 F.Supp. 1306, 1312–1313 (S.D.N.Y.1984). Not surprisingly, the Malfas cannot cite any authority for the assertion that all of the required information must be disclosed in the same print size and style type. Nor can they convince the Court that the emphasis of certain information, es-

pecially information as important as how the borrower may exercise the right to cancel, obfuscates the other information provided on the form. The statute requires that all of the information be disclosed clearly and conspicuously; that requirement has been met. Accordingly, the Court finds that the notice of the right of rescission that was delivered to the Malfas meets the standards of 12 C.F.R. § 226.23(b).

For the reasons discussed above, the Court finds that the Malfas' right of rescission was not extended beyond the initial three day period. Consequently, their right to rescind the transaction had already expired before June 23, 1992, when they notified Household Bank of their intent to rescind. Since the Malfas' right to rescind the transaction had already expired when they requested rescission, Household Bank did not violate 15 U.S.C. § 1635 by refusing to honor their request. Any other claims the Malfas may have for statutory or actual damages are barred by the statute of limitations.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** as follows:

(1) The defendant's Motion for Summary Judgment is **GRANTED.** The defendant shall file a form of judgment for entry in this cause within fifteen (15) days from the date of this Order.

(2) The plaintiff's Motion for Partial Summary Judgment is **DENIED.**

**DONE AND ORDERED.**