Richard MOUNT, Elyse Paulus Mount, Bruce Heard, Robert McMurtry, Jr., Laurice McMurtry, Ruth Cronk, and Wayne Kleinfelder, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

LaSALLE BANK LAKE VIEW, Defendant.

No. 92 C 5645.

United States District Court, N.D. Illinois, Eastern Division.

May 18, 1995.

Daniel A. Edelman, Cathleen M. Combs, Tara Leigh Goodwin, James Eric Vander Arend, Michelle Ann Weinberg, O. Randolph Bragg, Edelman & Combs, Chicago, IL, Francine Schwartz, Law Offices of Francine Schwartz, Chicago, IL, for Richard Mount, Elyse Paulus Mount.

Daniel A. Edelman, Cathleen M. Combs, Tara Leigh Goodwin, James Eric Vander Arend, Michelle Ann Weinberg, O. Randolph Bragg, Edelman & Combs, Chicago, IL, for Bruce Heard.

Daniel A. Edelman, Cathleen M. Combs, Tara Leigh Goodwin, O. Randolph Bragg, Edelman & Combs, Chicago, IL, for Robert McMurtry, Jr.

### OPINION AND ORDER

NORGLE, District Judge.

Before the court is the motion of Defendant LaSalle Bank of Lake View ("LaSalle")

to dismiss Plaintiffs' Third Amended Complaint ("Complaint").[1] For the following reasons, the motion is granted in part and denied in part.

## I. Truth in Lending Claims

Plaintiffs brought this action alleging that LaSalle engaged in deceptive practices in connection with the financing of home improvement transactions. In Count I, Plaintiffs Richard and Elyse Mount ("Mounts"), Ruth Cronk ("Cronk"), and Wayne Kleinfelder ("Kleinfelder") allege violations of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. LaSalle moves to dismiss the Mounts' claims under Count I contending that they are barred by TILA's one year statute of limitations.[2]

On a motion to dismiss, all well-pleaded factual allegations are presumed to be true. *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). The court must view those allegations in the light most favorable to the plaintiff, *Gomez v. Illinois State Board of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987), and all reasonable inferences to be drawn from those allegations are also accepted as true. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir.1987). The complaint need not specify the correct legal theory nor point to the right statute to survive a Rule 12(b) motion to dismiss, *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir. 1992); however, the complaint will be dismissed if the plaintiff can prove no set of facts upon which relief can be granted. *Ross v. Creighton Univ.,* 957 F.2d 410, 413 (7th Cir.1992).

■ There are two statute of limitations regarding TILA claims that come into play in this case. Actions for statutory and actual damages brought under § 1640 must be brought within one year from the date of the violation. 15 U.S.C. § 1640(e). A credit transaction is consummated for the purposes of TILA when the consumer becomes con-

tractually obligated on a credit transaction. 12 C.F.R. § 226.2(a)(13); *Streit v. Fireside Chrysler–Plymouth, Inc.,* 697 F.2d 193, 196 (7th Cir.1983); *Rowland v. Magna Millikin Bank of Decatur, N.A.,* 812 F.Supp. 875, 879 (C.D.Ill.1992). The Mounts filed their claim more than one year after the transaction was consummated. Therefore, LaSalle argues that their claims to any damages under § 1640 are time barred and must be dismissed.

■ Notwithstanding the above, § 1635 allows a consumer to rescind the contract, under certain circumstances, up to three years after the date the transaction was consummated. 15 U.S.C. § 1635(f). A lender's failure to rescind is a separate violation of TILA which gives rise to claims for statutory and actual damages. *Elliott v. ITT Corp.,* 764 F.Supp. 102, 106 (N.D.Ill.1991); *Malfa v. Household Bank, F.S.B.,* 825 F.Supp. 1018, 1020 (S.D.Fla.1993). The Mounts allege that they attempted to rescind the contract by letter and by filing this lawsuit on August 21, 1992, and LaSalle has not rescinded the contract. Therefore, they may have a right to damages under § 1640 resulting from LaSalle's refusal to rescind. *Id.*

LaSalle asserts that *Rowland v. Magna Millikin Bank of Decatur, N.A.,* 812 F.Supp. at 875, mandates dismissal. However, its reliance on *Rowland* is misplaced. In *Rowland,* the plaintiffs' complaint did not seek damages resulting from the defendant's failure to allow rescission, but only sought damages for violations of TILA which occurred on the date of consummation. Because the transaction was consummated more than a year before the complaint was filed, the court held that any claim for damages pursuant to Section 1640 was time barred. *Id.* at 881–82.

■ This is not the situation at bar. The Complaint, liberally construed, asserts a claim for damages arising out of the failure to rescind. (*See* Compl. ¶¶ 27, 108, 112.) Thus, the Mounts may be entitled to dam-

---

1. Subsequent to LaSalle's filing of the instant motion to dismiss, Plaintiffs filed a Third Amended Complaint. The court allowed LaSalle to stand on its motion to dismiss the Second Amended Complaint and its memorandum in support.

2. Bruce Heard, Robert McMurtry, and Laurice McMurtry have not asserted claims under TILA.

ages under § 1640 as a result of the refusal to rescind. However, to the extent the Mounts are asserting claims for damages arising from violations of TILA on the date of consummation, they are time barred, and are, therefore, dismissed.[3] Patricia Murphy and Mildred Dennis consummated their loan contracts in 1987, and they have not asserted that LaSalle has refused to allow rescission. Therefore, any claims they might have under TILA for damages under § 1640 or § 1635 are time barred and are dismissed.

## II. *Illinois Consumer Fraud Act Claims*

■ LaSalle contends that the claims of Bruce Heard ("Heard"), Robert and Laurice McMurtry (the "McMurtrys"), Patricia Murphy ("Murphy"), and Mildred Dennis ("Dennis") under the Illinois Consumer Fraud Act ("CFA") are barred by the three year statute of limitations. The McMurtrys executed their financing contract on July 6, 1988. Heard executed his financing contract on April 30, 1988. Murphy and Dennis executed their financing contracts in 1987. This case was filed on August 21, 1992. Consequently, their claims were not filed within three years of the transaction.

Plaintiffs contend that the limitation period should be tolled under a continuing wrong theory. Under this theory, the statute of limitations does not begin to run until the final overt act constituting the fraud. *See, e.g., Dudley Enterprises, Inc. v. Palmer Corp.*, 822 F.Supp. 496, 505 (N.D.Ill.1993). The doctrine was recently described by the Illinois Appellate Court:

> Where a tort involves continuing or repeated injury, however, the statute of limitations does not begin to run until the date of the last injury or when the tortious acts cease. A continuing violation, however, is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation. Moreover, where there is

but one overt act from which subsequent damages may flow, it is held that the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury.

*Hyon Waste Mgt. Servs. v. Chicago*, 214 Ill. App.3d 757, 158 Ill.Dec. 335, 339, 574 N.E.2d 129, 133 (1st Dist.1991) (citations omitted).

This case is one in which there is continuing ill effects from an initial violation of the law, but no continuing unlawful acts. Plaintiffs contend that the clauses in their loan contracts which either imposed a penalty for cancellation, or confession of judgment, or both, were unfair and deceptive in violation of the CFA. Neither Heard, Dennis, Murphy, nor the McMurtrys have alleged any unlawful acts by LaSalle after the consummation of their financing contracts. Thus, each individual payment on the contracts can only represent the accretion of additional damage.

The line of cases cited by Plaintiffs is distinguishable from the case at bar. In *Baker v. F & F Inv.*, 420 F.2d 1191 (7th Cir.1970), African–American residential real estate purchasers brought a class action alleging that the installment contracts for the purchase of those properties contained less favorable terms than those that were available to white purchasers. The plaintiffs asserted claims of conspiracy to violate the plaintiffs' rights under 42 U.S.C. § 1982, federal antitrust laws, and Illinois antitrust laws. *Id.* at 1193. The complaint alleged that the defendants amplified and fostered the *de facto* racial segregation in the Chicago housing market, and resulting limited housing for African–Americans, by purchasing residential properties from white owners and reselling them at greatly inflated prices to African–Americans. *Contract Buyers League v. F & F Investment,* 300 F.Supp. 210, 214 (N.D.Ill.1969) *aff'd sub nom., Baker*

---

**3.** The court notes that Plaintiffs Cronk and Kleinfelder both assert claims in Count I. However, nothing in the Complaint indicates that they ever requested rescission, and the Complaint itself only seeks a declaration that they have the right to rescind. (*See* Complaint, p. 26.) Consequently, they could not have sustained damages from a refusal to allow rescission. However, Cronk and

Kleinfelder were not named as Plaintiffs in the Second Amended Complaint. Because LaSalle chose to stand on its motion to dismiss the Second Amended Complaint, the motion does not address the allegations regarding Cronk and Kleinfelder. Therefore, the court takes no action with regards to those claims at this time.

*v. F & F Investment,* 420 F.2d 1191. The scheme was furthered by efforts at "blockbusting" which "amplified and fostered the *de facto* segregation on which the contracts depended." *Id.*[4]

*Baker,* in contrast to the case at bar, involved a racially discriminatory relationship which continuously invaded the plaintiffs' rights and which was established and perpetuated by a conspiracy. *Baker* did not simply involve repeated payments resulting from one unlawful act as is the case here. *Cf. United States Textiles, Inc. v. Anheuser–Busch Companies, Inc.,* No. 86 C 2760, 1988 WL 31479 (N.D.Ill. Mar. 31, 1988).

Similarly, in *Hernandez v. United Fire Ins. Co.,* 79 F.R.D. 419 (N.D.Ill.1978), the plaintiffs charged that the defendants sold credit property insurance[5] at higher prices to African–Americans and Hispanics than to whites.[6] *Id.* at 424. The court noted that, even absent formal allegations of conspiracy, *Baker* controlled because the contract constituted a continuing invasion of the plaintiff's rights as long as it was in force. *Id.* at 431.

In contrast to Plaintiffs' interpretation, the court reads *Hernandez* to imply that it was the continuing invasion of the plaintiffs' rights to be free from discrimination which was the continuing wrong. Because the contract established a racially discriminatory relationship, its continued existence established a continuing wrong which tolled the running of the limitations period. To the extent, if any, that *Hernandez* can be read to hold that the mere continued existence of a contract based on fraud tolls the statute of limitations, this court disagrees. The cases from this jurisdiction cited by Plaintiffs all require a continuous racially discriminatory relationship or involve acts beyond the initial contract furthering the defendants' schemes, or both, in order to apply the continuing wrong theory. *See, e.g., Wolf v. Chicago Heights,* 828 F.Supp. 520, 523 (N.D.Ill.1993) (holding defendants' acts in furtherance of their conspiracy to exclude minorities from white neighborhoods tolled statute until the final act); *Dudley Enterprises, Inc. v. Palmer Corp.,* 822 F.Supp. 496, 505 (N.D.Ill.1993) (holding a continuous course of conduct, including acts over the course of three years, tolled statute); *Taylor v. Meirick,* 712 F.2d 1112, 1117 (7th Cir.1983) (holding continuing wrong with acts in violation of the Copyright Act over three years brought claim within the limitations period).

The court holds that the allegations of deceptive trade practices with regards to the confession of judgment and cancellation penalty clauses in LaSalle's loan documents, without allegations of further acts to perpetuate the fraudulent scheme, do not create a continuing wrong which delays the start of the limitation period until the final payment on the loan.

Because Heard, Murphy, Dennis, and the McMurtrys executed their contracts more than three years before filing a claim against LaSalle, their claims under the Illinois Consumer Fraud Act are time barred and they are, therefore, dismissed.

### CONCLUSION

For the foregoing reasons, LaSalle's motion to dismiss the Mounts' TILA claim for damages resulting from LaSalle's alleged failure to rescind is denied. LaSalle's motion to dismiss the Mounts' TILA claim for damages arising from the consummation of the loan contract is granted. The motion to dismiss the claims of Patricia Murphy and Mildred Dennis under TILA and the Illinois

---

4. The term "blockbusting" was described by the district court as "prey[ing] on racial bigotry and fear by initiating and encouraging rumors that negroes were about to move into a given area, that all non-negroes would leave, and that the market values of properties would descend to 'panic prices' with residence in the area becoming undesirable and unsafe for non-negroes." *Contract Buyers League,* 300 F.Supp. at 214.

5. Credit property insurance is generally sold in connection with retail installment credit sales. It insures the property against damage or destruction during the life of the contract. *Hernandez,* 79 F.R.D. at 423 n. 1.

6. Specifically, the complaint alleged that defendants sold insurance at a rate of $1.50 per $100 of insured value per year through retailers having a large majority of white customers, but sold insurance at a rate of $4 per $100 of insured value per year through retailers having a large majority of African–American or Hispanic customers. *Hernandez,* 79 F.R.D. at 424.

Consumer Fraud Act are granted. LaSalle's motion to dismiss the claims of Bruce Heard and the McMurtrys under the Illinois Consumer Fraud Act is granted. This being Plaintiffs' fourth attempt to adequately plead their cause of action, all claims dismissed by this order are dismissed with prejudice.

IT IS SO ORDERED.