Lionel BETANCOURT, and Ana
Betancourt, Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC.,
and The Bank of New York Company,
Inc., Defendants.

No. CIV.A. 04–BB–906(MJW).

United States District Court,
D. Colorado.

Nov. 17, 2004.

Lionel Betancourt, Lasalle, CO, pro se.

Ana Betancourt, Lasalle, CO, pro se.

Eric Paul Accomazzo, Kara Dawn Lae-Gae Veitch, Bloom, Murr & Accomazzo, Denver, CO, for Defendants.

### ORDER

BOLAND, United States Magistrate Judge.

This matter is before me on the **Verified Motion to Dismiss or For Summary Judgment** (the "Verified Motion"), filed by the defendants. The Verified Motion, which seeks summary judgment in favor of the defendants and against the plaintiffs on all claims asserted, is GRANTED.

The plaintiffs, proceeding *pro se,* filed a complaint under the Truth In Lending Act ("TILA"), encompassed within the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. Complaint, ¶ 4. The Complaint alleges that the defendants failed to make the disclosures as required under TILA, *id.* at ¶ 7, and seeks "rescission of title of real estate and ... recovery of damages." *Id.* at ¶ 4.

The defendants responded to the Complaint by filing the Verified Motion. The Verified Motion is made under oath by Tanya Schneider. In addition, the Verified Motion is supported by the Affidavit of Christine Armendariz, and by the following four exhibits to the affidavit:

(1) the Warranty Deed from Jeffrey Dale Hansen and Karen S. Hansen, as grantors, to Lionel Betancourt and Ana Betancourt, the plaintiffs here, as grantees, conveying title to 19502 Weld County Road 50½, LaSalle, Colorado, the property which is the subject of this action (the "Property");

(2) the Adjustable Rate Note in the amount of $104,650.00, from the plaintiffs

as borrowers to the benefit of America's Wholesale Lender; [1]

(3) the Deed of Trust from the plaintiffs, as grantors, to the benefit of America's Wholesale Lender, pledging the Property as security for the repayment of the Adjustable Rate Note; and

(4) the Uniform Underwriting and Transmittal Summary concerning the plaintiffs as borrowers in connection with the purchase of the Property.

The plaintiffs responded to the Verified Motion. *See* Plaintiffs' Brief In Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint (the "Response"). The Response does not include a Rule 56(f) affidavit, Fed.R.Civ.P., seeking a continuance of the determination of the Verified Motion to allow the plaintiffs to obtain affidavits or conduct discovery, nor does the Response attempt to exclude the evidence offered by the defendants in support of the Verified Motion.

The defendants argue that they are entitled to summary judgment because the plaintiffs' claims under TILA are time barred by the statutes of limitation contained in 15 U.S.C. §§ 1635(f) and 1640(e). The defendants also seek summary judgment on the plaintiffs' claim for rescission, arguing that rescission is not available in this case because the transaction involved a purchase money mortgage.

### I.

As a preliminary matter, I must liberally construe the pleadings of the *pro se* plaintiffs. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). I cannot act as their advocate, however, and the *pro se* plaintiffs must comply with the fundamental requirements

---

**1.** Defendant Countrywide Home Loans, Inc. ("Countrywide"), does business as America's Wholesale Lender. Verified Motion, at p. 1.

of the Federal Rules of Civil Procedure. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

The Verified Motion expressly states that it is a request for dismissal or for summary judgment. Verified Motion, p. 1. The Verified Motion is supported by evidence, including the verified allegations of the motion itself, the Armendariz affidavit, and the documents attached to the affidavit. Consequently, it is clear now, as it was at the time it was filed, that the Verified Motion is a motion for summary judgment made under Fed.R.Civ.P. 56. Rule 56(b) permits a defendant to seek summary judgment "at any time" by filing a motion "with or without supporting affidavits." *Id.*

In *Nichols v. United States,* 796 F.2d 361 (10th Cir.1986), the Tenth Circuit Court of Appeals imposed certain protections applicable where a district court converts a motion to dismiss into a motion for summary judgment. Under those circumstances, the circuit court stated:

> In cases where the district court intends to convert the motion [to dismiss], the court should give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by rule 56. However, failure to give notice is not reversible error if a party does not attempt to exclude the supporting documents, but files its own sworn affidavits in response. Where a party has responded in kind to the movant's attempt to convert the motion, that party cannot later claim unfair surprise.

*Id.* at 364 (internal quotations and citations omitted).

■ The safeguards announced in the *Nichols* case are not applicable here. In particular, in *Nichols* the motion was styled simply a motion to dismiss and gave the opposing party no warning that it contemplated that the court would consider evidence, whereas the Verified Motion at issue here indicates on its face that it seeks summary judgment. The plaintiffs were fully informed that the Verified Motion seeks summary judgment; were afforded a full opportunity to present in response any evidence they deemed appropriate or to seek to exclude the evidence offered by the defendants; were able to seek the relief available under Rule 56(f) if they deemed it necessary; and cannot reasonably claim to be surprised by the consideration of the defendants' evidence in support of the Verified Motion.

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the parties opposing the motion, and those parties must be afforded the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The

party opposing summary judgment is then required to go beyond the pleadings and by reference to evidence designate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

## II.

The following facts are established for purposes of the Verified Motion by the evidence submitted by the defendants, and the plaintiffs have offered no evidence to the contrary:

1. The plaintiffs obtained an adjustable rate mortgage from defendant Countrywide, which was doing business as America's Wholesale Lender. Verified Motion, p. 1.

2. Defendant The Bank of New York owns the loan. *Id.*

3. The plaintiffs executed the Adjustable Rate Note on June 17, 1996. Adjustable Rate Note, pp. 1 and 3.

4. Credit under the Adjustable Rate Note was extended to the plaintiffs on or before June 17, 1996. *Id.* at ¶ 1 (setting out the plaintiffs' obligation to make payments "[i]n return for the loan *that I have received* ")(emphasis added).

5. The Adjustable Rate Note limits the rate of interest charged to a maximum of 18.625%. *Id.*, ¶ 4(D).

6. Repayment of the Adjustable Rate Note was secured by a Deed of Trust encumbering 19502 Weld County road 50½, LaSalle, Colorado. The Deed of Trust was executed on June 17, 1996. Deed of Trust, p. 6.

7. The plaintiffs were obligated under the terms of the Deed of Trust to "occupy, establish, and use the Property [defined as 19502 Weld County Road 50 1/2, LaSalle, Colorado] as [plaintiffs'] principal residence within 60 days after the execution of [the Deed of Trust]" and to "continue to occupy the Property as the [plaintiffs'] principal residence for at least one year after the date of occupancy...." Deed of Trust, ¶ 6. In addition, the plaintiffs stated that they were obtaining the loan for the purpose of purchasing the Property for use as their primary residence. Verified Motion, p. 5; Uniform Underwriting and Transmittal Summary, Parts I and II. The plaintiffs' address at the time this action was commenced was 19502 Weld County Road 50 1/2, LaSalle, Colorado. Complaint, p. 7.

## III.

■ The purpose of TILA is to protect customers before the execution of a credit agreement by requiring creditors to disclose the terms of the proposed credit agreement. *Dryden v. Lou Budke's Arrow Finance Co.,* 630 F.2d 641, 646 (8th Cir.1980). In this case, the plaintiffs claim that the defendants failed to comply with the disclosure requirements of TILA in many respects. In their Verified Motion, the defendants state that they "deny that they failed to provide the TILA disclosures, but accept the truth of the allegations for purposes of this motion." Verified Motion, p. 5 n. 1.

■ An action for an alleged violation of TILA is subject to two statutes of limitation. *Mount v. LaSalle Bank Lake View,* 886 F.Supp. 650, 651 (N.D.Ill.1995); *see Littlefield v. Walt Flanagan and Co.,* 498 F.2d 1133, 1135–36 (10th Cir.1974)(noting that a "§ 1635 rescission claim" is not barred by the one year limitation period of § 1640(e)). First, actions for statutory and actual damages must be brought within one year from the date of the violation. 15 U.S.C. § 1640(e)[2]; *Stevens v. Rock*

---

**2.** 15 U.S.C. § 1640(e) provides in relevant part that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."

*Springs National Bank,* 497 F.2d 307, 309 (10th Cir.1974)(holding that 15 U.S.C. § 1640(e) "is both a grant of subject matter jurisdiction and a statement of limitations"). A violation occurs, and the one year limitations period begins to run, "when credit is extended through the consummation of the transaction between the creditor and its customer without the required disclosures being made." *Dryden,* 630 F.2d at 646. Consummation of the transaction occurs "at the time a contractual relationship is created between a creditor and a customer irrespective of the time of performance of either party." *Stevens,* 497 F.2d at 310. In *Stevens,* the contractual relationship was created when the bank contracted to extend credit. *Id.* In other cases, the contractual relationship has been held to occur when the borrower signed the promissory note, *Rudisell v. Fifth Third Bank,* 622 F.2d 243, 246 (6th Cir.1980); on the "date of the closing" of the loan, *Morris v. Lomas and Nettleton Co.,* 708 F.Supp. 1198, 1203 (D.Kan.1989); and on the date "when the debtors became contractually obligated on the transaction." *In re Vickers,* 275 B.R. 401, 407 (Bankr. M.D.Fla.2001).

■ Here, the credit transaction was completed on June 17, 1996, when the plaintiffs signed the Adjustable Rate Note. Suit was not brought until May 4, 2004, nearly eight years later and well beyond the one year limitations period specified by § 1640(e). Consequently, the plaintiffs' claims for statutory and actual damages are time barred, and the defendants are entitled to summary judgment insofar as the Complaint seeks statutory and actual damages.

The plaintiffs claim that summary judgment based on the statute of limitations is not appropriate because the violations of TILA claimed here are ongoing. This argument was rejected in the *Stevens* case, 497 F.2d at 309–10, where the Tenth Circuit Court of Appeals held:

> [V]iolation of the disclosure requirements, with the possible exception of those respecting the limited right of rescission under 15 U.S.C. § 1635, occurs at a specific time from which the statute will then run. Thus it does not necessarily become a continuing failure or breach.
>
> Additional support for this proposition is provided by other provisions of the Act, and by Regulation Z (12 C.F.R. § 226), the administrative interpretation of the Act by the Board of Governors of the Federal Reserve System. 15 U.S.C. § 1639 identifies the disclosures which must be made with respect to particular types of consumer loans. Subsection (b) of that section requires that, with certain exceptions, those disclosures "shall be made before the credit is extended." Such timing seems consistent with and essential to the principal objective of the Act which, as stated in 15 U.S.C. § 1601, is to enable the consumer "to compare more readily the various credit terms available to him and avoid the uninformed use of credit." Regulation Z more definitely prescribes the timing requirement by requiring that the disclosures be made "before the transaction is consummated." 12 C.F.R. § 226.8(a).

*Accord Fenton v. Citizens Savings Ass'n,* 400 F.Supp. 874, 880 (W.D.Mo.1975)(holding that in a closed-end credit transaction, each notice of payment due made during the life of the loan is not a separate transaction); *Kristiansen v. John Mullins & Sons, Inc.,* 59 F.R.D. 99, 107 (E.D.N.Y.1973)(stating that "[t]here is nothing in either the letter or the spirit of [TILA] which imposes upon the creditor a continuing duty during the entire term of the contract to disclose what he has failed to disclose the first time the contract was

executed"). *See* Daniel E. Feld, Annotation, *Time Limitations Under 15 U.S.C. § 1640(e) on Truth In Lending Act Suits,* 36 A.L.R. Fed. 657 at § 8[a], 1978 WL 42884 (reporting that "[t]he general rule is that in cases involving closed-end consumer credit transactions, the limitations period in 15 U.S.C.A. § 1640(e) begins to run at a specific time—either at the time of execution of the credit contract or at the time of performance of the contract. A continuing-violation theory has thus been rejected by most courts").

■ The plaintiffs allege seven categories of continuing violations. The first is an alleged failure "to disclose in or with the acceleration statement the amounts, itemized and identified by type, of charges other than finance charges debited to the account during the acceleration period as required by Title 12 Code of Federal Regulations, Section 226.7(h)." Complaint, ¶ 12; Response, p. 3 at ¶ B(a)(i). Section 226.7(h) applies only to open-end credit arrangements, and not to closed-end credit as was present here.

■ Four of the plaintiffs' alleged instances of continuing violation concern the defendants' failure to make disclosures required under 15 U.S.C. § 1640 at or before consummation of the transaction. Response, p. 3 at ¶ B(a)(iii) (failure to disclose that the consumer should refer to appropriate contract documents concerning rights and obligations); ¶ B(a)(iv)(failure to give borrowers signed copies of the complete mortgage); ¶ B(a)(vi)(failure to disclose that the loan obtained has a higher interest rate that the rate reflected in the preliminary disclosures); and ¶ B(a)(vii)(failure to give notice of acceleration of the loan). Each of these violations occurred at the time the transaction was consummated, and the continued failure to make the disclosures over the life of the loan is not a continuing violation of the statute. *Stevens,* 497 F.2d at 309–10.

■ The plaintiffs characterize their final two alleged continuing violations as involving usury. Response, p. 3 at ¶¶ B(a)(ii) and (v). Their citation to 12 U.S.C. § 2610, et seq., in support of the claim is unexplained. The Adjustable Rate Note, which is in evidence, states that the interest charged on the loan "will never be greater that 18.625% or less than 11.625%." Adjustable Rate Note, ¶ 4(D). There is no evidence that a higher interest rate ever was charged, and the plaintiffs' conclusory allegations of usury contained in the Complaint but not substantiated are inadequate to create a disputed issue of material fact. *Reed v. Bennett,* 312 F.3d 1190, 1194 (10th Cir.2002); *see also Nichols v. Hurley,* 921 F.2d 1101, 1113 (10th Cir.1990)(holding that even affidavits which contain merely conclusory allegations without specific supporting facts are without probative value and are insufficient to create a genuine issue of material fact to avoid the entry of summary judgment). Usury in Colorado is interest at or exceeding 45% per year. Section 5–12–103(1), C.R.S. The evidence establishes that the interest rate charged to the plaintiffs was not usurious, and the defendants are entitled to summary judgment to the extent the Complaint asserts a claim for usury.

A second statute of limitations is contained in 15 U.S.C. § 1635, which allows a consumer to rescind the contract, under certain circumstances, up to three years after the date the transaction was consummated:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor. . . .

15 U.S.C. § 1635(f) (quoted in relevant part). *See Elliott v. ITT Corp.*, 764 F.Supp. 102, 106 (N.D.Ill.1991)(noting that "[t]he right to rescind under § 1635 is not governed by § 1640(e)'s one year limitations period—indeed, § 1635(f) prescribes a three-year limitations period for rescission purposes").

■ I cannot grant summary judgment on the plaintiffs' claim for rescission based on the statute of limitation because there is no evidence before me as to when or if the plaintiffs ever attempted to exercise a right to rescind. *See* 12 C.F.R. § 226.23(a)(2)

However, the defendants urge an additional and independent basis for summary judgment on the rescission claim. Specifically, the defendants argue that the plaintiffs are not entitled to any statutory right of rescission, relying on an express exception to the right of rescission contained in 15 U.S.C. §§ 1635(e)(1) and 1602(w). Section 1635(a), 15 U.S.C., creates the statutory right of rescission relied on by the plaintiffs, as follows:

> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with reg-

ulations of the Board, of his intention to do so.

This right to rescind is subject to an express exception, however, in § 1635(e)(1), which provides:

**(e) Exempted transactions; reapplication of provisions**

■ This section does not apply to—

(1) a residential mortgage transaction as defined in section 1602(w) of this title. . . .

Section 1602(w), 15 U.S.C., defines a "residential mortgage transaction" subject to the rescissionary exception as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Thus, there is no statutory right of rescission under 15 U.S.C. § 1535(e) where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside. *French v. Wilson*, 446 F.Supp. 216, 218 (D.R.I.1978); *Simmons v. American Budget Plan, Inc.*, 386 F.Supp. 194, 200 (E.D.La.1974).

The purpose of the exception to the right of rescission applicable to purchase money mortgages has been explained in *Heuer v. Forest Hill State Bank*, 728 F.Supp. 1199,1200–01 (D.Md.1989):

> This result is consistent with the Congressional purpose in creating the statutory recission [sic] right in the first place, *viz.*, to protect home owners from certain sharp practices of home improvement contractors (and those financing such contractors), by creating a recission [sic] right for home improvement loans that were secured by residential mortgages on existing dwellings. This federal remedy was thought neces-

sary to protect consumers against surprise and oppression stemming from mortgages unwittingly executed on homes to pay for often questionable "home improvements." Given this Congressional purpose, it is clear that the Congress did not intend the recission [sic] obligation (or disclosure of it) to extend to a loan whose predominant purpose is to enable the borrower to acquire or erect, on her property, a new residential structure.

(Internal citation omitted.) *Accord N.C. Freed Co., Inc. v. Bd. of Governors of the Federal Reserve System*, 473 F.2d 1210, 1214 n. 12 (2d Cir.1973)(noting that the avowed purpose of the Consumer Credit Protection Act is to prevent credit fraud related to "home improvement repairs or consolidation of all homeowner's debts into 'one easy monthly payment' ").

■ The unrefuted evidence here is that the plaintiffs obtained the loan evidenced by the Adjustable Rate Mortgage and secured by the Deed of Trust to purchase the Property for use as their primary residence, Verified Motion, p. 5, and that the Property was the plaintiffs' primary residence when they filed this action. Complaint, p. 7. The plaintiffs have provided no evidence to the contrary. Consequently, the right of rescission created by 15 U.S.C. § 1635(a) is not applicable to this transaction, and the defendants are entitled to summary judgment on the plaintiffs' claim for rescission.

## IV.

IT IS ORDERED that the Verified Motion to Dismiss or For Summary Judgment is GRANTED. Judgment shall enter in favor of the defendants and against the plaintiffs on all claims.