

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00005-CV

FLORA XANTHINE ALEXANDER                                           APPELLANT

V.

WELLS FARGO BANK, N.A.                                             APPELLEE

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

This is an appeal from the trial court's grant of two traditional summary judgments to appellee Wells Fargo Bank, N.A. in its suit seeking a declaratory

---

[1]*See* Tex. R. App. P. 47.4.

judgment allowing it to foreclose its real property lien on the residence of appellant Flora Xanthine Alexander.  We affirm.

**Background**

Wells Fargo attached to its first summary judgment motion a copy of a note signed by "Flora Alexander" as borrower and dated November 24, 2004.  The lender is shown as "SFMC, LP. – DBA Solutions Funding Mortgage Company."  The note states that it is secured by a deed of trust dated the same date.  The note also has a maturity date of December 1, 2024.  At the bottom of the note is an endorsement "[w]ithout recourse" from SFMC, LP to Wells Fargo signed by W. Padilla as Operations Manager, Agent, and Attorney-in-Fact.

Also attached as summary judgment evidence is a Deed of Trust dated November 24, 2004 and signed by Flora Alexander as Grantor to Mortgage Electronic Registration Systems, Inc. as Trustee.  The collateral covered by the deed of trust is 1503 Rambler Road, Arlington, Texas, described as "Lot 46, Block 20, Fifth Installment of [t]he Arkansas Heights Addition to the City of Arlington, Tarrant County, Texas."  The deed of trust states that it secures a note of the same date with a maturity date of December 1, 2024.  The deed of trust was recorded in the real property records of Tarrant County on November 30, 2004.

The summary judgment evidence shows that Wells Fargo and Alexander entered into a Loan Modification Agreement on December 8, 2006, which, among other things, extends the undefined "contractual due date" from June 1,

2

2006 to February 1, 2007. Also included in the summary judgment proof is a copy of a Temporary Forbearance Agreement between Wells Fargo and Alexander setting forth a payment plan schedule from 12/31/07 to 7/30/08. The Agreement is signed by "Flora Alexander" and is dated "12/27/07"; it also bears the stamp of "Hank Grady, Wells Fargo Home Mortgage" dated January 7, 2008.

Wells Fargo further attached deemed admissions showing that Alexander was in default on the loan "prior to December 26, 2006," that she and Wells Fargo entered into a Loan Modification Agreement on December 26, 2006, that she did not make all the required payments under the Loan Modification Agreement, that she entered into the Temporary Forbearance Agreement on December 27, 2007, and that she did not make all the required payments under that Agreement. Also included are deemed admissions that Wells Fargo served Alexander with notice of default, gave her at least thirty days to cure, and that she did not cure the default.

Finally, Wells Fargo attached eleven documents Alexander created and sent to Wells Fargo or filed in various places as official documents from May 23, 2005 to July 25, 2008 purporting to show that she had a lien on, or that title was in question as to, the Rambler Road property.

Alexander filed a general denial and asserted a counterclaim that the endorsement signatures on the original note were superimposed, destroying the original note and making it void under the Fair Debt Collection Practices Act. According to Alexander, this attempted endorsement means she does not owe

3

any more money on the note. In addition, Alexander claimed that she had no obligation to Wells Fargo and that it was fraudulently trying to extract money from her. She sought a declaratory judgment seeking to have Wells Fargo remove "their Building" from the property for an access fee of $330,000.

The trial court signed an interlocutory summary judgment for Wells Fargo on all of its claims against Alexander. The trial court found that the note is valid, that Wells Fargo is the current owner of the note and deed of trust, that Alexander is in default on the loan, that she received thirty days' notice of default and did not cure within that period, and that Wells Fargo is entitled to nonjudicially foreclose the deed of trust and sell the property. The trial court also found all of the eleven documents created by Alexander to be fraudulent and therefore void and unenforceable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 12.002 (Vernon Supp. 2010). The trial court ordered Alexander to pay Wells Fargo $110,000 for each fraudulent document. *Id*.

Wells Fargo subsequently filed a second motion for summary judgment on Alexander's counterclaims. In its motion, Wells Fargo argued that contrary to Alexander's claim, a note need not be signed by the lender to be enforceable against the borrower; the borrower's signature alone is sufficient. In addition, the endorsement could not have rendered the note invalid because that procedure is expressly provided for by the Texas Business and Commerce Code. The trial court signed a final judgment for Wells Fargo ordering that Alexander take

4

nothing on her counterclaim and incorporating the terms of the interlocutory summary judgment.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

## Analysis

Alexander raises four discernable issues in her brief: (1) that the trial court failed to credit payments she had made on the note, (2) that she cancelled and rescinded the note under the Truth in Lending Act, (3) that Wells Fargo could not

5

enforce the note and deed of trust because it failed to produce the originals, and (4) that the trial court denied her due process.[2]

Alexander first claims that the trial court failed to take into account "payments that had been previously made by [her] as agreed." But Alexander did not provide the court with any evidence that she made payments for which she was not given credit by Wells Fargo. Thus, this allegation does not raise a fact issue to defeat summary judgment. *See Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 393–94 (Tex. App.—Houston [14th Dist.] 1988, no writ).

Alexander also claims that she cancelled and rescinded the deed of trust under Regulation Z of the Truth in Lending Act (TILA). *See* 12 C.F.R. § 226.23 (2009), WL 12 CFR s 226.23. However, the right to rescind under the TILA does not extend to first-lien purchase money mortgages, such as the one at issue here. *Id*. § 226.23(a), (f)(1); *see Betancourt v. Countrywide Home Loans, Inc*., 344 F. Supp. 2d 1253, 1261 (D. Colo. 2004). The evidence shows that the deed of trust collateral was Alexander's residence paid for from the proceeds of the loan evidenced by the note. Accordingly, any attempt by Alexander to rescind the loan under the TILA could not have been effective to defeat Wells Fargo's summary judgment.

---

[2]Alexander does not appear to challenge the part of the trial court's judgment finding that the documents she filed were fraudulent and awarding damages under chapter 12 of the civil practice and remedies code; therefore, we will not address that part of the summary judgment. *See* Tex. R. App. P. 47.1; *Stephens v. Dolcefino*, 126 S.W.3d 120, 129–30 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Alexander also contends that summary judgment was improper because Wells Fargo failed to present the original note and deed of trust. According to Alexander, although counsel for Wells Fargo purported to present the original note, the trial court failed to inspect it for originality.[3] Alexander contends that production of the original note and deed of trust is required under section 1692g of the Fair Debt Collection Practices Act. 15 U.S.C.A. 1692g (West 2009). Assuming the Act even applies to Wells Fargo in this case, nothing in section 1692g requires the holder of a note to produce original documents before foreclosing under the terms of a deed of trust. *See id*.; *Tesi v. Chase Home Fin., LLC*, No. 4:10-CV-272-Y, 2010 WL 2293177, at *4 (N.D. Tex. June 7, 2010) (order); *Alexander v. U.S. Bank, N.A*., No. 3:07-CV-1239-L, 2008 WL 3152989, at *4 (N.D. Tex. July 30, 2008) (mem. op. and order).

Moreover, the record from the hearing on Wells Fargo's second motion for summary judgment shows that counsel presented both Alexander and the trial judge with what he represented to the court was the original note. He also provided the court with the copy of the note that was attached to the motion for summary judgment so that the trial court could compare the two. Counsel further

---

[3]Alexander also contended at trial and at oral argument that Wells Fargo's endorsement on the note itself somehow altered the note so that it was no longer valid and could not be enforced. The Texas Business and Commerce Code provides for an endorsement to be made on the note itself in order to effect a transfer of the note. *See* Tex. Bus. & Com. Code Ann. § 3.201(a) (Vernon Supp. 2010). Alexander provides no authority showing that the endorsement of a note in accordance with the Texas Business and Commerce Code violates any provision of, or invalidates a note under, federal law.

7

represented upon questioning by the court that Wells Fargo was the only holder of the note and that it had not been securitized. Although Alexander admitted that the signature on the document was hers,[4] she stated to the trial court that she doubted the note was actually the original because "the original note should have been passed on. The evidence stipulates that under Section 28 of the National Currency Act[5] it is unlawful for any officer to hold a claim." The trial court then stated its intention to grant summary judgment to Wells Fargo. Contrary to Alexander's contention, the record appears to show that the trial court examined the note; it determined that her argument that she doubted its originality was frivolous. At the very least, the record does not show that the trial court refused or failed to inspect what Wells Fargo's counsel tendered.

Alexander further claims that the trial court denied her due process by granting the motions for summary judgment because her "request for evidence to be heard and tried by a jury of her peers was denied." A civil litigant does not have an absolute right to a jury trial. *Green v. W.E. Grace Mfg. Co*., 422 S.W.2d

---

[4]Alexander also contends that the note is unenforceable because it was not signed by the original lender; however, a promissory note need not be signed by the lender to be valid and enforceable against the borrower. *See De Shay v. Beatty*, No. 02-02-00444-CV, 2003 WL 21476303, at *2 (Tex. App.—Fort Worth June 26, 2003, no pet.) (mem. op.).

[5]The National Currency Act of 1863 and the National Bank Act of 1864 "provided . . . for federal chartering of national banks." *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 410–11, 107 S. Ct. 750, 763 (1987) (Stevens, J., concurring). There is no private right of action under the National Currency Act or National Bank Act. *See, e.g.*, *Poindexter v. Wells Fargo Bank, N.A.*, No. 3:10cv257-RJC-DLH, 2010 WL 3023895, at *3 (W.D.N.C. July 29, 2010) (order).

8

723, 725 (Tex. 1968); *Vann v. Gaines*, No. 02-06-00148-CV, 2007 WL 865870, at *3 (Tex. App.—Fort Worth Mar. 22, 2007, no pet.) (mem. op.). Summary judgment is proper only when the standard is met. *See Vann*, 2007 WL 865870, at *3. Here, we have determined that there are no genuine issues of material fact and that all issues of law raised by Alexander in an attempt to defeat summary judgment are without merit. Accordingly, we conclude and hold that the trial court did not deny Alexander due process by granting Wells Fargo's motions for summary judgment. *See id*.

We overrule all of the issues raised and fairly included in Alexander's brief. *See* Tex. R. App. P. 38.1(f).[6] To the extent she attempts to state claims not raised in the trial court, we do not address those issues.[7] *See* Tex. R. App. P. 33.1(a)(1); *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

---

[6]It is possible that a reference in Alexander's brief relates to her contention in the trial court that Wells Fargo failed to respond to interrogatories and requests for admissions; however, Wells Fargo filed its timely response to that discovery in the clerk's record. *See* Tex. R. Civ. P. 197.2(a), 198.2(a). Although Wells Fargo did object to many of the discovery requests, it also answered subject to the objections. Alexander did not file a motion to compel in the trial court. *See* Tex. R. App. P. 33.1(a)(1); *Burgess v. Feghhi*, No. 12-04-00367-CV, 2007 WL 2178544, at *5 (Tex. App.—Tyler July 31, 2007, pet. denied) (mem. op.).

[7]For instance, Alexander argues that Wells Fargo breached its contract and violated the DTPA and Texas Finance Code, but she did not make any of these claims at trial. She also discusses problems with the securitization of loans, but there is no evidence that this loan was securitized.

## Conclusion

Having overruled the issues raised in Alexander's appeal, we affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

DELIVERED:  April 7, 2011