02-10-005-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

NO. 02-10-00005-CV

 


 
 
 FLORA XANTHINE ALEXANDER
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 WELLS FARGO BANK, N.A.
 
 
  
 
 
 APPELLEE
 
 


 

                                                                                                                             

------------

 

FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

Introduction

This is an appeal from the trial court’s grant of two traditional
summary judgments to appellee Wells Fargo Bank, N.A. in its suit seeking a
declaratory judgment allowing it to foreclose its real property lien on the
residence of appellant Flora Xanthine Alexander.  We affirm.

Background

Wells Fargo attached to its first summary judgment
motion a copy of a note signed by “Flora Alexander” as borrower and dated
November 24, 2004.  The lender is shown as “SFMC, LP. – DBA Solutions Funding
Mortgage Company.”  The note states that it is secured by a deed of trust dated
the same date.  The note also has a maturity date of December 1, 2024.  At the
bottom of the note is an endorsement “[w]ithout recourse” from SFMC, LP to
Wells Fargo signed by W. Padilla as Operations Manager, Agent, and
Attorney-in-Fact.

Also attached as summary judgment evidence is a Deed
of Trust dated November 24, 2004 and signed by Flora Alexander as Grantor to
Mortgage Electronic Registration Systems, Inc. as Trustee.  The collateral
covered by the deed of trust is 1503 Rambler Road, Arlington, Texas, described
as “Lot 46, Block 20, Fifth Installment of [t]he Arkansas Heights Addition to
the City of Arlington, Tarrant County, Texas.”  The deed of trust states that
it secures a note of the same date with a maturity date of December 1, 2024.  The
deed of trust was recorded in the real property records of Tarrant County on
November 30, 2004.

The summary judgment evidence shows that Wells Fargo
and Alexander entered into a Loan Modification Agreement on December 8, 2006,
which, among other things, extends the undefined “contractual due date” from
June 1, 2006 to February 1, 2007.  Also included in the summary judgment proof
is a copy of a Temporary Forbearance Agreement between Wells Fargo and
Alexander setting forth a payment plan schedule from 12/31/07 to 7/30/08.  The
Agreement is signed by “Flora Alexander” and is dated “12/27/07”; it also bears
the stamp of “Hank Grady, Wells Fargo Home Mortgage” dated January 7, 2008.

Wells Fargo further attached deemed admissions showing
that Alexander was in default on the loan “prior to December 26, 2006,” that
she and Wells Fargo entered into a Loan Modification Agreement on December 26,
2006, that she did not make all the required payments under the Loan
Modification Agreement, that she entered into the Temporary Forbearance
Agreement on December 27, 2007, and that she did not make all the required
payments under that Agreement.  Also included are deemed admissions that Wells
Fargo served Alexander with notice of default, gave her at least thirty days to
cure, and that she did not cure the default.

Finally, Wells Fargo attached eleven documents
Alexander created and sent to Wells Fargo or filed in various places as
official documents from May 23, 2005 to July 25, 2008 purporting to show that
she had a lien on, or that title was in question as to, the Rambler Road
property.

Alexander filed a general denial and asserted a
counterclaim that the endorsement signatures on the original note were
superimposed, destroying the original note and making it void under the Fair
Debt Collection Practices Act.  According to Alexander, this attempted
endorsement means she does not owe any more money on the note.  In addition,
Alexander claimed that she had no obligation to Wells Fargo and that it was
fraudulently trying to extract money from her.  She sought a declaratory
judgment seeking to have Wells Fargo remove “their Building” from the property
for an access fee of $330,000.

The trial court signed an interlocutory summary
judgment for Wells Fargo on all of its claims against Alexander.  The trial
court found that the note is valid, that Wells Fargo is the current owner of
the note and deed of trust, that Alexander is in default on the loan, that she
received thirty days’ notice of default and did not cure within that period,
and that Wells Fargo is entitled to nonjudicially foreclose the deed of trust
and sell the property.  The trial court also found all of the eleven documents created
by Alexander to be fraudulent and therefore void and unenforceable.  See
Tex. Civ. Prac. & Rem. Code Ann. § 12.002 (Vernon Supp. 2010).  The trial
court ordered Alexander to pay Wells Fargo $110,000 for each fraudulent document. 
Id.

Wells Fargo subsequently filed a second motion for
summary judgment on Alexander’s counterclaims.  In its motion, Wells Fargo
argued that contrary to Alexander’s claim, a note need not be signed by the
lender to be enforceable against the borrower; the borrower’s signature alone is
sufficient.  In addition, the endorsement could not have rendered the note
invalid because that procedure is expressly provided for by the Texas Business
and Commerce Code.  The trial court signed a final judgment for Wells Fargo ordering
that Alexander take nothing on her counterclaim and incorporating the terms of
the interlocutory summary judgment.

Standard of Review

We review a summary judgment de novo.  Travelers
Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010).  We consider the
evidence presented in the light most favorable to the nonmovant, crediting
evidence favorable to the nonmovant if reasonable jurors could, and
disregarding evidence contrary to the nonmovant unless reasonable jurors could
not.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289
S.W.3d 844, 848 (Tex. 2009).  We indulge every reasonable inference and resolve
any doubts in the nonmovant’s favor.  20801, Inc. v. Parker, 249 S.W.3d
392, 399 (Tex. 2008).  A plaintiff is entitled to summary judgment on a cause
of action if it conclusively proves all essential elements of the claim.  See
Tex. R. Civ. P. 166a(a), (c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60
(Tex. 1986).  A defendant who conclusively negates at least one essential
element of a cause of action is entitled to summary judgment on that claim.  Frost
Nat’l Bank v. Fernandez, 315 S.W.3d 494, 508 (Tex. 2010); see Tex.
R. Civ. P. 166a(b), (c).

Analysis

Alexander raises four discernable issues in her brief: 
(1) that the trial court failed to credit payments she had made on the note, (2)
that she cancelled and rescinded the note under the Truth in Lending Act, (3) that
Wells Fargo could not enforce the note and deed of trust because it failed to
produce the originals, and (4) that the trial court denied her due process.[2]

Alexander first claims that the trial court failed to
take into account “payments that had been previously made by [her] as agreed.” 
But Alexander did not provide the court with any evidence that she made
payments for which she was not given credit by Wells Fargo.  Thus, this
allegation does not raise a fact issue to defeat summary judgment. See Keenan
v. Gibraltar Sav. Ass’n, 754 S.W.2d 392, 393–94 (Tex. App.––Houston [14th
Dist.] 1988, no writ).

Alexander also claims that she cancelled and rescinded
the deed of trust under Regulation Z of the Truth in Lending Act (TILA).  See
12 C.F.R. § 226.23 (2009), WL 12 CFR s 226.23.  However, the right to rescind
under the TILA does not extend to first-lien purchase money mortgages, such as
the one at issue here.  Id. §  226.23(a), (f)(1); see Betancourt v.
Countrywide Home Loans, Inc., 344 F. Supp. 2d 1253, 1261 (D. Colo. 2004).  The
evidence shows that the deed of trust collateral was Alexander’s residence paid
for from the proceeds of the loan evidenced by the note.  Accordingly, any
attempt by Alexander to rescind the loan under the TILA could not have been
effective to defeat Wells Fargo’s summary judgment.

Alexander also contends that summary judgment was
improper because Wells Fargo failed to present the original note and deed of
trust.  According to Alexander, although counsel for Wells Fargo purported to
present the original note, the trial court failed to inspect it for
originality.[3] 
Alexander contends that production of the original note and deed of trust is
required under section 1692g of the Fair Debt Collection Practices Act.  15
U.S.C.A. 1692g (West 2009).  Assuming the Act even applies to Wells Fargo in
this case, nothing in section 1692g requires the holder of a note to produce
original documents before foreclosing under the terms of a deed of trust.  See
id.; Tesi v. Chase Home Fin., LLC, No. 4:10-CV-272-Y, 2010 WL
2293177, at *4 (N.D. Tex. June 7, 2010) (order); Alexander v. U.S. Bank, N.A.,
No. 3:07-CV-1239-L, 2008 WL 3152989, at *4 (N.D. Tex. July 30, 2008) (mem. op.
and order).

Moreover, the record from the hearing on Wells Fargo’s
second motion for summary judgment shows that counsel presented both Alexander
and the trial judge with what he represented to the court was the original
note.  He also provided the court with the copy of the note that was attached
to the motion for summary judgment so that the trial court could compare the
two.  Counsel further represented upon questioning by the court that Wells
Fargo was the only holder of the note and that it had not been securitized.  Although
Alexander admitted that the signature on the document was hers,[4]
she stated to the trial court that she doubted the note was actually the
original because “the original note should have been passed on.  The evidence
stipulates that under Section 28 of the National Currency Act[[5]]
it is unlawful for any officer to hold a claim.”  The trial court then stated
its intention to grant summary judgment to Wells Fargo.  Contrary to
Alexander’s contention, the record appears to show that the trial court
examined the note; it determined that her argument that she doubted its originality
was frivolous.  At the very least, the record does not show that the trial
court refused or failed to inspect what Wells Fargo’s counsel tendered.

Alexander further claims that the trial court denied
her due process by granting the motions for summary judgment because her
“request for evidence to be heard and tried by a jury of her peers was denied.” 
A civil litigant does not have an absolute right to a jury trial.  Green v.
W.E. Grace Mfg. Co., 422 S.W.2d 723, 725 (Tex. 1968); Vann v. Gaines,
No. 02-06-00148-CV, 2007 WL 865870, at *3 (Tex. App.––Fort Worth Mar. 22, 2007,
no pet.) (mem. op.).  Summary judgment is proper only when the standard is
met.  See Vann, 2007 WL 865870, at *3.  Here, we have determined that
there are no genuine issues of material fact and that all issues of law raised
by Alexander in an attempt to defeat summary judgment are without merit. 
Accordingly, we conclude and hold that the trial court did not deny Alexander
due process by granting Wells Fargo’s motions for summary judgment.  See id.

We overrule all of the issues raised and fairly
included in Alexander’s brief.  See Tex. R. App. P. 38.1(f).[6] 
To the extent she attempts to state claims not raised in the trial court, we do
not address those issues.[7] 
See Tex. R. App. P. 33.1(a)(1); Bushell v. Dean, 803 S.W.2d 711,
712 (Tex. 1991) (op. on reh’g).

Conclusion

Having overruled the issues raised in Alexander’s
appeal, we affirm the trial court’s judgment.

 

 

                                                                             PER
CURIAM

 

PANEL:  LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

 

DELIVERED:  April 7, 2011









[1]See
Tex. R. App. P. 47.4.





[2]Alexander
does not appear to challenge the part of the trial court’s judgment finding
that the documents she filed were fraudulent and awarding damages under chapter
12 of the civil practice and remedies code; therefore, we will not address that
part of the summary judgment.  See Tex. R. App. P. 47.1; Stephens v.
Dolcefino, 126 S.W.3d 120, 129–30 (Tex. App.––Houston [1st Dist.] 2003,
pet. denied).





[3]Alexander
also contended at trial and at oral argument that Wells Fargo’s endorsement on
the note itself somehow altered the note so that it was no longer valid and
could not be enforced.  The Texas Business and Commerce Code provides for an
endorsement to be made on the note itself in order to effect a transfer of the
note.  See Tex. Bus. & Com. Code Ann. § 3.201(a) (Vernon Supp. 2010). 
Alexander provides no authority showing that the endorsement of a note in
accordance with the Texas Business and Commerce Code violates any provision of,
or invalidates a note under, federal law.





[4]Alexander
also contends that the note is unenforceable because it was not signed by the
original lender; however, a promissory note need not be signed by the lender to
be valid and enforceable against the borrower.  See De Shay v. Beatty,
No. 02-02-00444-CV, 2003 WL 21476303, at *2 (Tex. App.––Fort Worth June 26,
2003, no pet.) (mem. op.).





[5]The
National Currency Act of 1863 and the National Bank Act of 1864 “provided . . .
for federal chartering of national banks.”  Clarke v. Sec. Indus. Ass’n,
479 U.S. 388, 410–11, 107 S. Ct. 750, 763 (1987) (Stevens, J., concurring). 
There is no private right of action under the National Currency Act or National
Bank Act.  See, e.g., Poindexter v. Wells Fargo Bank, N.A., No.
3:10cv257-RJC-DLH, 2010 WL 3023895, at *3 (W.D.N.C. July 29, 2010) (order).





[6]It
is possible that a reference in Alexander’s brief relates to her contention in
the trial court that Wells Fargo failed to respond to interrogatories and
requests for admissions; however, Wells Fargo filed its timely response to that
discovery in the clerk’s record.  See Tex. R. Civ. P. 197.2(a),
198.2(a).  Although Wells Fargo did object to many of the discovery requests,
it also answered subject to the objections.  Alexander did not file a motion to
compel in the trial court.  See Tex. R. App. P. 33.1(a)(1); Burgess
v. Feghhi, No. 12-04-00367-CV, 2007 WL 2178544, at *5 (Tex. App.––Tyler
July 31, 2007, pet. denied) (mem. op.).





[7]For
instance, Alexander argues that Wells Fargo breached its contract and violated
the DTPA and Texas Finance Code, but she did not make any of these claims at
trial.  She also discusses problems with the securitization of loans, but there
is no evidence that this loan was securitized.