Filed 12/4/20  Gross v. Deutsche Bank National Trust Co. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| JOHN F. GROSS, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST CO., as Trustee, etc., et al., <br><br> Defendants and Respondents. | B298005 <br><br> (Los Angeles County Super. Ct. No. BC628671) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard J. Burdge, Jr., Judge.

Michael Shemtoub for Plaintiff and Appellant.

MCGUIREWOODS and Leslie M. Werlin for Defendants and Respondents.

_____

Appellant John Gross purchased a home in 2007 with a secured bank loan.  His 2011 default resulted in foreclosure by respondents Deutsche Bank National Trust Co., as Trustee for Indymac INDA Mortgage Loan Trust 2007-AR5, and PHH Mortgage Corporation, formerly known as Ocwen Loan Servicing.  Gross sued respondents for wrongful foreclosure after his property was sold at public auction in 2016.

The trial court sustained respondents' demurrers to Gross's fourth and fifth amended complaints without leave to amend and dismissed his case.  Gross contends that he unilaterally canceled his obligation and had no duty to repay the purchase money loan; however, the loan could not be rescinded under the federal Truth in Lending Act (TILA, 15 U.S.C. § 1601 et seq.).  Gross did not tender the debt, and his claims are untimely in any event.  We affirm the judgment in favor of respondents.

### FACTS AND PROCEDURAL HISTORY[1]

On July 5, 2007, Gross obtained a purchase money loan (Loan) from Indymac Bank (Bank) for $855,000, secured by a deed of trust (DOT) on property on Dorrington Avenue in West Hollywood (the Property).  Gross also obtained from Bank a home

---

[1] The facts come from the pleadings, their exhibits and recorded documents whose existence, contents and legal effect are subject to judicial notice.  (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924, fn. 1; *Schep v. Capital One, N.A.* (2017) 12 Cal.App.5th 1331, 1338.)  We take notice of facts or admissions in early iterations of the pleadings if the plaintiff suppresses them to avoid demurrer.  (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877.)

equity line of credit (HELOC). He identifies respondents as Bank's "successors."

A Bank mortgage officer who facilitated the Loan, John Heintschel, orally told Gross he could rescind the Loan and HELOC. A "Notice of Right to Cancel" attached to the HELOC states that Gross could cancel his account within three business days, under TILA. Gross alleged that he did "not receive[] a Right to Rescind addendum to his main purchase money loan." The cancellation form required Gross "to offer to return the money or property." If Bank failed to "take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation."

Days after obtaining the Loan, Gross decided that its terms were unsatisfactory. He sent Bank a letter on July 8, 2007. It read, "I wish to cancel my Home Loan . . . and Home Equity Line of Credit . . . as per the Notice of Right to Cancel attached. [¶] Please contact me to advise of next steps." He sent a second letter on August 9, 2007, advising Bank "that I have cancelled this loan as per the right to cancel Notice sent on July 8, 2007 . . . [¶] I have not heard anything back." Neither the July nor the August 2007 letter contains an offer to return Bank's money or the Property.

Gross alleges that he canceled the Loan before making the first payment but "was hamstrung for nearly 3 years based on assertions of 'legal is dealing with it.' " He made Loan payments because Bank told him that failure to pay would damage his credit rating.

In February 2011, Gross wrote Bank to say he was "upset" it sent a delinquency notice threatening legal action; citing his 2007 cancellation letters, he informed Bank that he has "stopped

3

making any further payments." In 2013, Gross wrote to say he canceled the Loan in 2007, and, "I contend that I no longer owe any money on this loan."

Respondents ignored Gross's letters and foreclosed on the Property. After Gross received notice under the DOT, a trustee's sale was conducted in June 2016. The property was sold at public auction to DLI Properties (DLI).

Gross filed suit against respondents and DLI on July 28, 2016. He asserts claims for conversion, wrongful foreclosure, to cancel the trustee's deed upon sale; to quiet title to the Property; promissory estoppel; and for a declaration that he rescinded the Loan. After Gross made repeated attempts to state a cause of action, the court sustained demurrers to his fourth and fifth amended complaints without leave to amend and entered judgment for respondents.[2]

## DISCUSSION

### 1. *Appeal and Review*

Appeal lies from the judgment of dismissal after demurrers are sustained without leave to amend. (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667.) We review pleadings de novo to determine if a cause of action has been stated; we assume the truth of properly pleaded material facts but not the truth of contentions or conclusions of fact or law. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42; *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

---

[2] DLI separately secured a dismissal of Gross's claims. We affirmed the dismissal order in *Gross v. DLI Properties, LLC.* (May 29, 2020, B292319) [nonpub. opn].)

4

### 2. *Statute of Limitations*

Gross obtained the Loan on July 5, 2007, and tried to rescind it under TILA three days later. Bank rejected the rescission and demanded that Gross pay his debt, which he did until 2011. In 2013 he announced, "I no longer owe any money on this loan." He filed suit after respondents foreclosed in 2016.

Gross had to file suit "within one year from the date of the occurrence of the [TILA] violation." (15 U.S.C. § 1640(e).) He gave notice of rescission on July 8, 2007. Bank's failure to respond within 20 days triggered the one-year limitations period on Gross's claim that he was damaged by Bank's failure to accept his rescission. (*Tucker v. Beneficial Mortg. Co.* (E.D.Va. 2006) 437 F.Supp.2d 584, 589–590.) Gross's 2016 lawsuit was untimely.

State law places a four-year limit on claims for breach of a written contract, in this case, the Loan. (Code Civ. Proc., § 337, subd. (a).) The same statute imposes a four-year limit on an "action based upon the rescission of a contract in writing. The time begins to run from the date upon which the facts that entitle the aggrieved party to rescind occurred." (*Id.,* subd. (c).)

Gross's claims accrued in 2007, when Bank rejected his rescission and demanded monthly payments. Gross made Loan payments for years. His correspondence over the years shows his belief that Bank breached their contract by ignoring his 2007 rescission. Gross's lawsuit filed in July 2016 exceeds the four-year limitation period.

The statute of limitations for promissory estoppel based on oral promises is two years. (Code Civ. Proc., § 339, subd. 1; *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2016) 6 Cal.App.5th 1207, 1224.) The alleged

promise to honor a rescission was made by Bank employee Heintschel in 2007. Gross's claim accrued when Bank refused to accept rescission; he was damaged by making payments to Bank from 2007 to 2011 on a debt he claims he does not owe. In 2011, Bank threatened legal action because the Loan was delinquent. Gross's 2016 promissory estoppel claim is untimely because he knew nine years earlier that Bank did not intend to honor Heintschel's oral promise to rescind.

### 3. *Gross's Claims Lack a Legal Basis*

Gross asserts that he is the rightful owner of the Property; therefore, respondents had no right to foreclose and the trustee's deed of sale and the instruments leading up to the sale must be canceled. Gross's claim to ownership of the Property stems from his purported rescission of the Loan in July 2007 which, in his view, led to rescission of the DOT by operation of law.

We conclude that Gross could not rely on TILA to rescind the Loan. Nor could he rely on an alleged oral promise from a Bank loan officer that contradicted the Loan terms. Gross did not tender his debt if he wished to rescind under state law. As a result, there is no legal basis for Gross's claims.

Gross relies on a rescission notice attached to his HELOC. He invoked this notice in July 2007, days after obtaining the Loan and the HELOC. The right to cancel the HELOC arises under TILA, which Gross cites in his pleadings. "TILA's rescission remedy is meant to protect borrowers. It is not meant to provide borrowers with a free house or other financial windfall," which is why rescission is conditioned "on the borrower's tender of the loan proceeds to the lender." (*Palmer v. Ameribanq Mortg. Group, LLC* (E.D.Pa. 2010) 2010 U.S.Dist. LEXIS 107340, *62.)

6

Gross's pleadings acknowledge that he did "not receive[] a Right to Rescind addendum to his main purchase money loan." The Loan did not have a right to rescind addendum because TILA's rescission rights do not apply to residential purchase money loans like the one that Gross attempted to cancel. (15 U.S.C. §§ 1602(x), 1635(e)(1).) There is no statutory right of rescission "where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside." (*Betancourt v. Countrywide Home Loans, Inc.* (D.Colo. 2004) 344 F. Supp.2d 1253, 1260; *Manabat v. Sierra Pac. Mortg. Co.* (E.D.Ca. 2010) 2010 U.S.Dist. LEXIS 70377 *11–*12 [TILA exempts residential mortgage transactions].) We cannot reasonably construe the Loan as incorporating the TILA cancellation notice attached to the HELOC.

Gross relies on a 2007 conversation with a Bank employee who allegedly said that the right to rescind addendum applied to both the Loan and the HELOC. Gross's pleadings admit that a cancellation clause is not part of his Loan. His efforts to change the written Loan contract by citing an oral representation is barred by the parol evidence rule.

Parol evidence may explain ambiguities in a contract, if the terms are reasonably susceptible of that meaning; it cannot be used to contradict the contract or add new terms. "[T]he terms contained in an integrated written agreement may not be contradicted by prior or contemporaneous [oral] agreements. [This] necessarily bars consideration of extrinsic evidence of prior or contemporaneous negotiations or agreements at variance with the written agreement. '[A]s a matter of substantive law such evidence cannot serve to create or alter the obligations under the

7

instrument.'" (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 344; Civ. Code, § 1625; Code Civ. Proc., § 1856, subd. (a).) The Loan does not offer a three-day right to rescind; we cannot rewrite the Loan to add new terms based on an oral promise at variance with the written contract.

Gross did not set forth a claim under state rescission law because he did not tender the debt. A tender is an offer to pay the creditor the full amount due. (*Gaffney v. Downey Sav. & Loan Ass'n* (1988) 200 Cal.App.3d 1154, 1165.) "'The tenderer must do and offer everything that is necessary on his part to complete the transaction, *and must fairly make known his purpose without ambiguity*, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction.'" (*Ibid*.) Gross's letters to Bank did not offer the full amount due. He does not allege that he ever tendered the debt or the Property in lieu of the debt.

Gross's belief that he owns the Property free of liens—without repaying the money he borrowed—is untenable. "A person who borrows money from a bank to purchase or refinance a home has a reasonable expectation that the bank will fund the loan. The bank has a reasonable expectation that monthly mortgage payments will be made. Here, appellant's reasonable expectations were met. The bank's were not. Nonpayment of the mortgage for approximately eight years while the borrower remains in possession is an egregious abuse." (*Gillies v. JPMorgan Chase Bank, N.A.* (2017) 7 Cal.App.5th 907, 909.)

### 4. Declaratory Relief

Gross's request for declaratory relief is based on his failed claim that he rescinded the Loan. Requests for declaratory relief derivative of other failed claims do not survive demurrer. (*Smyth*

8

*v. Berman* (2019) 31 Cal.App.5th 183, 191–192; *Ball v. FleetBoston Financial Corp.* (2008) 164 Cal.App.4th 794, 800.)  As we have discussed, Gross's claims to the Property do not survive scrutiny.  The pleading does not present an "actual controversy relating to the legal rights and duties of the respective parties" regarding the Property.  (Code Civ. Proc., § 1060.)

### 5. *Request to Amend*

Gross requests the right to amend on appeal.  (Code Civ. Proc., § 472c, subd. (a); *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 746.)  The burden of demonstrating a reasonable possibility that defects can be cured "is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010.)

Gross did not carry his burden by spelling out in detail in his brief how an amendment could cure a defect or change the legal effect of the pleading.  (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349–350; *Hendy v. Losse* (1991) 54 Cal.3d 723, 743.) Instead, he repeats the allegations in his current pleading and writes, "All of the elements of each cause of action have been properly pled."  The trial court did not abuse its discretion by sustaining respondents' demurrers without leave to amend.

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to recover their costs on appeal from appellant Gross.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.